IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PAULA PIERSON                                                                                              PLAINTIFF

v.                                       CIVIL NO. 15-5280

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Paula Pierson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on March 6, 2012. (ECF No. 13, p. 15, 181). In her applications, Plaintiff alleges disability due to carpal tunnel syndrome, nerve damage at C7 and L5, bipolar disorder, a right knee injury, and hyperthyroidism. (ECF No. 13, p. 14, 202). Plaintiff alleges an onset date of January 1, 2010. (ECF No. 13, p. 14, 181). These applications were denied initially and again upon reconsideration. (ECF No. 13, pp. 86, 89, 98, 100).

Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (ECF No. 13, p. 103). Plaintiff's administrative hearing was held on September 9, 2013, in Fort Smith, Arkansas (ECF No. 13, pp. 35-81). Plaintiff appeared via video teleconference from Fayetteville, Arkansas, and was represented by Greg Thurman. Id. Plaintiff and Vocational Expert ("VE") Zach Langley testified at this hearing. Id. At the time of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c), 416.963(c). (ECF No. 13, p. 39). As for her level of education, Plaintiff graduated with a high school diploma. (ECF No. 13, pp. 39-40).

After this hearing, on February 28, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 13, pp. 12-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (ECF No. 13, p. 17, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2010, her alleged onset date. (ECF No. 13, p. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis/degenerative joint disease of the right knee status post-surgery, degenerative disc disease of the cervical spine status post-surgery, mild osteoarthritis/degenerative disc disease of the lumbar spine, bilateral carpal tunnel syndrome status post-right carpal tunnel release surgery, bipolar disorder, and adjustment disorder with mixed anxiety and depression. (ECF No. 13, pp. 17-18, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 13, pp. 18-19, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 13, pp. 19-27, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found

2

her claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff retained the RFC to perform:

> sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except she is limited to no climbing, kneeling, crouching, or crawling; only occasional balancing and stooping; only occasional overhead work bilaterally; and frequent but not constant handling and fingering bilaterally. She must also avoid concentrated exposure to hazards, including driving as part of work. The claimant is further able to perform work involving simple, routine, repetitive tasks, with incidental interpersonal contact and simple, direct, and concrete supervision.

Id. at 19.

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW"). (ECF No. 13, p. 28, Finding 6). The VE testified at the administrative hearing regarding this issue. (ECF No. 13, pp. 73-79). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a call out operator, a bonder, semi-conductor, and as a surveillance system monitor. (ECF No. 13, pp. 28-29, Finding 10). Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2010, through February 28, 2014, the date of the ALJ's decision. (ECF No. 13, p. 29, Finding 11).

Thereafter, on April 24, 2014, Plaintiff requested a review by the Appeals Council (ECF. No. 13, pp. 249-51). The Appeals Council denied this request on September 10, 2015. (ECF No. 13, pp. 6-9). On November 12, 2015, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on November 12, 2015. (ECF No. 5). This case is now ready for decision.

## II.     Applicable Law:

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.  See 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.  Discussion:

Plaintiff argues the following issues on appeal: 1) whether there is substantial evidence from the record as a whole to support the ALJ's decision that Plaintiff is not disabled; and 2) whether the ALJ erred in failing to assign proper weight to the opinion of Plaintiff's treating physician in accordance with Social Security Regulations.

#### A.  Medical Opinion of Dr. Hawk

The ALJ did not commit error by assigning Dr. Hawk's opinion less than controlling, or even little, weight. As we have frequently noted, "treating physician opinions may receive limited weight if they are conclusory or inconsistent with the record." Julin v. Colvin, 826 F.3d 1082, 1088 (8th Cir. 2016). The ALJ may afford a treating source's opinion "controlling weight" if that opinion "'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and *is not inconsistent with the other substantial evidence in [the*

*applicant's] record*.'" Wagner v. Astrue, 499 F.3d 842, 848–49 (alteration in original) (quoting 20 C.F.R. § 404.1527(d)(2)). "[W]hile a treating physician's opinion is generally entitled to 'substantial weight,' such an opinion does not 'automatically control' because the hearing examiner must evaluate the record as a whole." Id. at 849 (quoting Wilson v. Apfel, 172 F.3d 539, 542 (8th Cir. 1999)). When a treating physician's opinion is in conflict with other substantial medical evidence, then the ALJ may afford less weight to that physician's opinion. Id. (citing Prosch v. Apfel, 201 F.3d 1010, 1013–14 (8th Cir. 2000)).

The ALJ noted Dr. Hawk's medical source statement was inconsistent with his own treatment records concerning Plaintiff's limitations. (ECF No. 13, pp. 26-27). Dr. Hawk's medical source statement was completed on a check box style form and cited no objective findings upon which Dr. Hawk's opinion was based other than Plaintiff's own subjective complaints of pain and limitation. (ECF No. 13, pp. 829-35); See Anderson v. Astrue, 696 F.3d 790 (8th Cir. 2012); Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010); Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (checklist format, generality, and incompleteness of the treating physicians' assessments limited their evidentiary value). The only supporting documentation provided by Dr. Hawk was a pain inventory sheet completed by Plaintiff and treatment notes from July 10, 2013, which list Plaintiff's own subjective complaints and her medications. (ECF No. 13, pp. 833-35). Dr. Hawk's examination on the same day revealed no abnormal findings. (ECF No. 13, p. 833). Dr. Hawk's physical examinations of Plaintiff routinely contained only normal findings, and specifically noted on June 23, 2012, that despite wearing a brace on her right knee, Plaintiff exhibited full range of motion in both knees with only some laxity, slight to mild effusion, moderate grinding, and no drawer or pivot shift. (ECF No. 13, pp. 678-85, 833-35, 847-52). The ALJ's cited inconsistency between Dr. Hawk's

opinion and his own treatment records is alone sufficient to discount Dr. Hawk's opinion. See Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005) ("While the ALJ also found Dr. Prihoda's opinion to be internally inconsistent, we need not comment on that, as an appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion"). Accordingly, I find the ALJ did not commit error by assigning Dr. Hawk's opinion less than controlling weight.

### B. ALJ's RFC Determination:

Plaintiff specifically argues she was more limited with regard to her ability to finger, handle, and grasp than accounted for by the ALJ's RFC determination, and that the RFC needed to include a sit, stand, and walk option. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545, 416.945. It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The record contains little evidence of Plaintiff's alleged carpal tunnel syndrome for the relevant period. On November 17, 2010, Plaintiff complained to Dr. Oscar Depaz, that she had recently been having more tingling, numbness, and weakness in her right hand, but that she had not had any problems since her carpal tunnel syndrome release surgery in 2008. (ECF No. 13, pp. 292-94, 528-30). On December 7, 2010, testing showed "mild deterioration of the motor distal latency" in Plaintiff's right wrist. (ECF No. 13, pp. 289-91, 525-27). Dr. Depaz referred Plaintiff back to her hand surgeon for follow up and kept her on her regular medication. Id. Dr. Larry Armstrong, D.O., noted Plaintiff's history of bilateral hand weakness and upper extremity numbness and tingling, on February 18, 2013, but only diagnosed Plaintiff's spinal problems: cervical spine stenosis, bulging cervical disc, cervical spondylosis with myelopathy; and, Dr. Armstrong recommended an anterior cervical discectomy and fusion procedure. (ECF No. 13, pp. 637-40). There is no evidence in the record that Plaintiff followed up with her hand surgeon as Dr. Depaz suggested or that she was receiving any further care for alleged problems with regard to her ability to finger, handle, and grasp. The ALJ, despite finding Plaintiff's subjective complaints and alleged limitations not entirely credible, stated, "her carpal tunnel symptoms support some limitation in handling and fingering as well." (ECF No. 13, p. 27). The ALJ did afford weight to Plaintiff's subjective complaints and her treatment history prior to the start of the relevant period in determining Plaintiff's carpal tunnel syndrome was a severe impairment and in limiting her to frequent, rather than constant, handling and fingering bilaterally in his RFC determination.

Plaintiff also argues the ALJ's RFC determination should have included an option for Plaintiff to change positions at will from sitting, standing, or walking. The ALJ considered and accounted for Plaintiff's history of back problems and knee problems in determining that they

8

were severe impairments and by limiting Plaintiff's RFC determination to work at the sedentary exertion level with additional postural and other restrictions. The ALJ stated, "[Plaintiff] reported improvement in neck and arm symptoms since cervical fusion, and testing has shown that her lumbar spine degeneration is mild in nature . . ." and "[she] does continue to have significant problems with her knee that supports a limitation to sedentary work." (ECF No. 13, p. 27). Plaintiff's healthcare providers did place some limitations on Plaintiff, such as Dr. Armstrong on April 10, 2013, who stated in a clinic note, "[s]he has also been doing a lot of activity with laundry and bending, twisting, lifting, pushing and pulling, and I have told her to cut those activities back." (ECF No. 13, p. 636). Plaintiff, however, does not direct this Court to, nor does the record contain, any evidence other than Plaintiff's own subjective complaints and statements, that she was more limited than accounted for by the limitations set forth in the ALJ's RFC determination.

The Court notes that in determining Plaintiff's RFC, the ALJ considered the medical opinions of many treating physicians, surgeons, and specialists, as well as those of the non-examining state agency consultants, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

**IV.** **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 25th day of January, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE